IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KEVIN T. DAVIS,

                    Plaintiff,

          v.                                CASE NO. 06-3042-SAC

SEDGWICK COUNTY ADULT SERVICE CENTER, et al.,

                    Defendants.


                    O R D E R

     Plaintiff proceeds pro se on a complaint filed under 42 U.S.C.
§ 1983 while he was confined in Norton Correctional Facility in
Norton, Kansas.  Plaintiff has paid the initial partial filing fee
assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted
leave to proceed in forma pauperis.  Plaintiff remains obligated to
pay the remainder of the $350.00 district court filing fee in this
civil action, through payments from his inmate trust fund account as
authorized by 28 U.S.C. § 1915(b)(2).

     Because plaintiff filed this action while he was a prisoner,
the court is required to screen his complaint and to dismiss the
complaint or any portion thereof that is frivolous, fails to state
a claim on which relief may be granted, or seeks monetary relief
from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and
(b).

     Plaintiff seeks injunctive relief and damages on allegations
concerning his arrest in April 2005 on charges of "out of place

assignment" and failure to sign in and out.  Plaintiff claims these charges, made by defendant officers Hajjar and Freeman, were false and fictitious and resulted in the unlawful conversion of his snake skin boots and of funds ($1000) in said boots.

To proceed under § 1983, plaintiff must first exhaust available administrative remedies.  *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  In this case, plaintiff's exhaustion of administrative remedies on these claims is problematic at best, as plaintiff identifies only an "emergency" grievance to the Kansas Department of Corrections' Victim Coordinator, which would be outside the formal administrative grievance procedure, and "emergency" notices to defendant Hajjar of plaintiff's intent to pursue relief in the state courts if plaintiff's boots and funds were not returned.

Nonetheless, the court is authorized to dismiss the complaint if no claim for relief is stated on the face of the pleading, notwithstanding plaintiff's failure to fully exhaust administrative remedies.  *See* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").  Having reviewed plaintiff's allegations

2

the court finds dismissal of the complaint is warranted pursuant to § 1997e(c)(2).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992). Although plaintiff claims defendants denied him equal protection and due process, and violated his rights under the Eighth Amendment, the court finds plaintiff's allegations fail to state any such claim of constitutional deprivation.

To the extent plaintiff seeks relief from discipline alleged to be based on fabricated charges, no cognizable claim for damages is stated until plaintiff demonstrates the disciplinary action has been reversed, vacated, or otherwise set aside. *See* <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(applying <u>Heck v. Humphrey</u>, 512 U.S. 477 486-87 (1994) to prison discipline).

To the extent plaintiff seeks the return of his shoes and funds, or damages for the unlawful conversion of this property, his allegations reflect only common law tort claims to be raised in the state courts, and not any claim of constitutional significance. *See* <u>DeShaney v. Winnebago County DSS</u>, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law).

Accordingly, for the reasons stated herein the court directs plaintiff to show cause why the complaint should not be dismissed

for the reasons stated herein.[1]  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice.  Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without

---

[1]Dismissal of the action would be without prejudice to plaintiff seeking relief in the state courts, or refiling in federal court if Heck is satisfied.  *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212-13 (10th Cir. 2003)(dismissal under Heck should be without prejudice), *cert. denied*, 543 U.S. 925 (2004).

Nonetheless, because the complaint would be dismissed as stating no claim for relief under § 1983, the dismissal would count as a "strike" for purposes of 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  *See* Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)(per curiam)("a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.")

prejudice for the reasons stated by the court.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 22nd day of June 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge